**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068-3701
(973) 535-1600
Attorneys for Defendant,
RCI, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVIS GAMBERS,<br><br>                Plaintiff,<br><br>v.<br><br>THE CROWN PARADISE HOTELS, THE CROWN PARADISE CLUB, MARINA DE ORO, RESORTS CONDOMINIUMS INTERNATIONAL, LLC., FN REALTY SERVICES, INC.<br><br>                Defendants. | Civil Action No.: _____<br><br>**NOTICE OF REMOVAL OF ACTION<br>UNDER 28 U.S.C. § 1441 (DIVERSITY)** |

TO:    Clerk of the United States District Court
        For the Southern District of New York
        United States Courthouse
        500 Pearl Street
        New York, NY 10007-1312

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441, defendant, RCI, LLC ("RCI"), improperly named in plaintiff's complaint by its former name "Resorts Condominiums International, LLC.," hereby removes this civil action from the Supreme Court of New York, Bronx County, to the United States District Court for the Southern District of New York.

In support of this Notice of Removal, RCI states as follows:

913660.01

1. Plaintiff, Travis Gambers, commenced this action by Complaint filed on or about April 26, 2007 in the Supreme Court of New York, Bronx County, Index No. 14467/07 ("New York State Court Action").

2. According to plaintiff's Complaint, Travis Gambers is a resident of the State of New York, residing at 100 Aldrich Street, Bronx, New York.

3. Plaintiff's Complaint named the following entities as defendants: The Crown Paradise Hotels, The Crown Paradise Club, Marina De Oro, RCI, and FN Realty Services, Inc.

4. RCI received a Summons and Complaint in the New York State Court Action on May 8, 2007. A copy of the Summons and Complaint are annexed hereto as Exhibit A.

5. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446 (b) because it is being filed within thirty (30) days of receipt by RCI of plaintiff's Summons and Complaint, through service or otherwise.

6. RCI is not a citizen of the State of New York. It is not incorporated in New York, and it has its principal place of business located at 7 Sylvan Way, Parsippany, New Jersey.

7. Upon information and belief, The Crown Paradise Hotels is not a citizen of the State of New York. It is not incorporated in New York, and its principal place of business is located at Avenida De Las Garzas 1, Puerto Vallarta, Mexico.

8. Upon information and belief, The Crown Paradise Hotels has not yet been served with plaintiff's Summons and Complaint in the New York State Court Action.

9. Upon information and belief, The Crown Paradise Club is not a citizen of the State of New York. It is not incorporated in New York, and it has its principal place of business located at Avenida De Las Garzas 1, Puerto Vallarta, Mexico.

913660.01

10. Upon information and belief, The Crown Paradise Club has not yet been served with plaintiff's Summons and Complaint in the New York State Court Action.

11. Upon information and belief, Marina De Oro is not a citizen of the State of New York. It is not incorporated in New York, and it has its principal place of business located at Avenida De Las Garzas 1, Puerto Vallarta, Mexico.

12. Upon information and belief, Marina De Oro has not yet been served with plaintiff's Summons and Complaint in the New York State Court Action.

13. Upon information and belief, FN Realty Services is not a citizen of the State of New York. It is not incorporated in New York, and its principal place of business is located at 116 N. Maryland Avenue, Glendale, California.

14. Upon information and belief, FN Realty Services has not yet been served with plaintiff's Summons and Complaint in the New York State Action.

15. The matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff alleges that he was "severely injured" while on property allegedly owned, operated, and maintained by defendants. Upon information and belief, plaintiff sustained an ankle fracture, which required multiple surgeries and included the insertion of rods and pins. Additional surgery is also contemplated.

16. Because this is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action under 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

913660.01

17. Because, upon information and belief, as the other defendants in this matter have not yet been served with plaintiff's Summons and Complaint, joinder or consent to this petition by all defendants is not required pursuant to the provisions of 28 U.S.C. §1441(c).

18. Based on the foregoing, RCI is entitled to remove this action from the Supreme Court of New York, Bronx County, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441.

19. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon RCI during the pendency of the New York State Court Action are annexed hereto. The only documents in the New York State Court Action that have been served on RCI are the Summons and Complaint, attached hereto as Exhibit A.

20. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the this Notice of Removal shall be promptly filed with the Clerk of the Supreme Court of New York, Bronx County, and a true and correct copy of this Notice of Removal shall be promptly served upon all counsel of record.

21. RCI reserves the right to amend or supplement this Notice of Removal.

22. RCI reserves all defenses including, but not limited to, those defenses based on insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship between the plaintiff and the defendants, and removal is appropriate pursuant to 28 U.S.C. § 1441(a).

> GREENBAUM, ROWE, SMITH & DAVIS LLP
> Attorneys for Defendant, RCI
>
> By: *C. Brian Kornbrek*
> C. BRIAN KORNBREK - CK0987

DATED: June 5, 2007

913660.01

## CERTIFICATION OF FILING AND SERVICE

STACY M. MANOBIANCA, hereby certifies as follows:

1. I am an Attorney-at-Law of the State of New York and an associate of the law firm of Greenbaum, Rowe, Smith & Davis LLP, attorneys for defendant, RCI, LLC, in the above matter.

2. On the date indicated below, I caused to be sent for filing via Electronic Filing RCI's Notice of Removal to:

   Clerk of the United States District Court
   For the Southern District of New York
   United States Courthouse
   500 Pearl Street
   New York, NY 10007-1312

   and a copy to:

   Brian M. Brown, Esq.
   Zaremba, Brownell & Brown, PLLC.
   40 Wall Street, 28th Floor
   New York, New York 10005
   *Attorneys for Plaintiff*

   *Via Federal Express*

3. I hereby certify that the foregoing statements made by me are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                        _____
                                        STACY M. MANOBIANCA

DATED: June 5, 2007

913660.01





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
TRAVIS GAMBERS,

       Plaintiff,

 - against -

THE CROWN PARADISE HOTELS,
THE CROWN PARADISE CLUB,
MARINA DE ORO
RESORTS CONDOMINIUMS INTERNATIONAL, LLC,
FN REALTY SERVICES INC.,

       Defendant.
-----------------------------------------------------------X

Index No.: 14467-07

Plaintiff designates
BRONX
as the place of trial

Plaintiff's basis for venue is:
Plaintiff's residence

**SUMMONS**

Plaintiff Resides at:
100 Aldrich Street
Bronx, New York 10475

**TO THE ABOVE NAMED DEFENDANTS:**

  *YOU ARE HEREBY SUMMONED* to answer the Complaint of the Plaintiff in this action, which is served herewith upon you, and to Answer upon the undersigned attorneys for the Plaintiff, within twenty (20) days after the service of the Summons and Complaint, exclusive of the day of service, or within thirty (30) days if such service is made by any method other than personal delivery upon you and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
   April 25, 2007

         ZAREMBA BROWNELL & BROWN PLLC
         Attorneys for Plaintiff
         Travis Gambers
         40 Wall Street, 28th Floor
         New York, New York 10005
         (212) 400-7223

      By: _____
         Brian M. Brown, Esq.

191982.1

To:

**THE CROWN PARADISE HOTELS**
Avenida De Las Garzas 1
PO Box 78
Puerto Vallarta, JAL 48300 Mexico

Avenidas De Las Garzas S/N
Puerto Vallarta, JAL 48333 Mexico

PO Box 5025
Downey, CA 90241


**THE CROWN PARADISE CLUB**
Avenida De Las Garzas 1
PO Box 78
Puerto Vallarta, JAL 48300 Mexico

Avenidas De Las Garzas S/N
Puerto Vallarta, JAL 48333 Mexico


PO Box 5025
Downey, CA 90241


**MARINA DE ORO**
Avenida De Las Garzas 1
PO Box 78
Puerto Vallarta, JAL 48300 Mexico

**RESORTS CONDOMINIUMS INTERNATIONAL, LLC**
7 Sylvan Way
Parsippany, New Jersey 07054

9998 N. Michigan Road
Carmel, IN 46032


**FN REALTY SERVICES INC**
116 N. Maryland Avenue
Lower Level
Glendale, CA 91206

35 North Lake Avenue
Pasadena, CA 91101

191982.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
TRAVIS GAMBERS,

                Plaintiff,

   - against -

THE CROWN PARADISE HOTELS,
THE CROWN PARADISE CLUB,
MARINA DE ORO
RESORTS CONDOMINIUMS INTERNATIONAL, LLC,
FN REALTY SERVICES INC.,

                Defendant.
-----------------------------------------------------------------x

Index No.: 14467-07

VERIFIED COMPLAINT

RECEIVED 2007 APR 26 AM 9:19 COUNTY CLERK BRONX COUNTY

    Plaintiff, TRAVIS GAMBERS, by his attorneys Zaremba, Brownell & Brown, as and for his verified summons and complaint against defendants THE CROWN PARADISE HOTELS ("Crown Paradise Hotel"), THE CROWN PARADISE CLUB, ("Crown Paradise Club"), MARINA DE ORO ("Marina De Oro"), RESORTS CONDOMINIUMS INTERNATIONAL LLC., ("RCI"), FN REALTY SERVICES INC., ("FN Realty") ( hereinafter collectively referred to as "Defendants") alleges as follows:

    1.    At all times relevant herein, Plaintiff Travis Gambers (the "Plaintiff") was and is a resident of Bronx County, New York.

    2.    Upon information and belief, at all times relevant herein, Defendant Crown Paradise Hotel is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

3.  Upon information and belief, at all times relevant herein, Defendant Crown Paradise Hotel is a foreign corporation with its principal office located in California.

4.  Upon information and belief, at all times relevant herein, Defendant Crown Paradise Club is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

5.  Upon information and belief, at all times relevant herein, Defendant Crown Paradise Club is a foreign corporation with its principal office located in California.

6.  Upon information and belief, at all times relevant herein, Defendant Marina De Oro is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

7.  Upon information and belief, at all times relevant herein, Defendant Marina De Oro is a foreign corporation with its principal office located in California.

8.  Upon information and belief, at all times relevant herein, Defendant RCI is a Delaware limited liability corporation with its principal office located in Pasippany, New Jersey.

9.  Upon information and belief, at all times relevant herein, Defendant RCI is a Delaware limited liability corporation with its principal office located in Carmel, Indiana.

10. Upon information and belief, at all times relevant herein, Defendant FN Realty is a California corporation with its principal office located in Pasadena, California.

11. Upon information and belief, on or before September 26 2006, Defendants were regularly engaged in doing business in the state of New York.

12. Upon information and belief, on or before September 26 2006, Defendants were regularly engaged in the selling of real estate, timeshares, vacation rentals, and/or vacation packages in the state of New York.

13. Upon information and belief, on or before September 26 2006, Defendants were regularly engaged in advertising and marketing of real estate, timeshares, vacation rentals, and/or vacation packages in the state of New York.

14. Upon information and belief, on or before September 26 2006, Defendants regularly entered into contracts for the sale and maintenance of real estate, time shares, vacation rentals, and/or vacation packages with residents of the state of New York, including but not limited to, the plaintiff.

15. Upon information and belief, on or before September 26, 2006, Defendants engaged in a persistent course of conduct in the marketing and sales of real estate, timeshares, vacation rentals, and/or vacation packages in New York State.

3

16. Upon information and belief, on or before September 26, 2006, defendants derived substantial revenue from goods used, or sales and/or services rendered in New York State

17. Upon information and belief, on or about August 15, 1989, Defendants and/or their predecessors in interest entered into a contract with Plaintiff, a New York resident, in the State of New York, granting plaintiff a "time share" interest in the Marina De Oro Time Share, including the use and enjoyment of the adjoining Crown Paradise Club (collectively "the property").

18. Upon information and belief, on or about August 15, 1989, Defendants and/or their predecessors in interest entered into a contract with Plaintiff, a New York resident, in the State of New York, obligating the Defendants and/or their predecessors and successors in interest, to safely and adequately maintain the property for Plaintiff's safe use and enjoyment.

19. Upon information and belief, on or before September 26 2006, Defendants owned the property.

20. Upon information and belief, on or before September 26 2006, Defendants operated the property.

4

21. Upon information and belief, on or before September 26 2006, Defendants maintained the property.

22. On or about September 26, 2006, plaintiff was severely injured at the property.

23. Defendants were negligent in their maintenance of the property.

24. Plaintiff's severe injuries were caused by the defendant's negligence and/or carelessness.

WHEREFORE, plaintiff Travis Gambers demands judgment against defendant as follows:

    (a) compensatory damages, together with interest, costs and disbursements as provided by law;

    (b) the amount of relief sought in sections a exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated:    New York, New York
            April 20, 2007

ZAREMBA BROWNELL & BROWN, PLLC

By: _____
Brian M. Brown
Attorneys for Plaintiff
40 Wall Street, 28th Floor
New York, New York 10005
(212) 400-7223

5

SUPREME COURT OF THE STATE OF NEW YORK     INDEX NO.:
COUNTY OF BRONX

---------------------------------------------------------------- X

TRAVIS GAMBERS,

        Plaintiff,

    -against-

THE CROWN PARADISE HOTELS,               **VERIFICATION**
THE CROWN PARADISE CLUB,
MARINA DE ORO
RESORTS CONDOMINIUMS INTERNATIONAL,
LLC,
FN REALTY SERVICES INC.,

        Defendants.

---------------------------------------------------------------- X

     Brian M. Brown, an attorney duly admitted to practice law before the Courts of the State of New York, affirms as follows, with knowledge of the penalties for perjury:

    1.     Affirmant is a member of the law firm of ZAREMBA BROWNELL & BROWN PLLC, attorneys for TRAVIS GAMBERS, plaintiff in the within action.

    2.     I am fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding same maintained in the offices of the above named law firm.

    3.     I have read the foregoing Verified Complaint, know the contents thereof, and the same are true to the best of my knowledge.

    4.     Affirmant further states that the reason this Verification is made by the undersigned and not by plaintiff is because said party does not reside in New York County, where the offices of said attorneys are located.

    5.     The grounds of Affirmant's belief as to all matters not stated to be upon Affirmant's knowledge are investigate materials contained in the files of the above named law firm.

Dated: New York, New York
       April 25, 2007

                                                         _/s/ Brian M. Brown_
                                                         Brian M. Brown



## Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint or Summons and Notice or Notice of Petition and Petition

A. STATEMENT OF SERVICE BY MAIL

To: RESORTS CONDOMINIUMS INTERNATIONAL, LLC-7 Sylvan Way, Parsippany, New Jersey, 07054. The enclosed summons and complaint petition are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (3) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the costs of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment.

B. ACKOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

I received a summons and complaint, or summons and ntoice, oe notice of petition and petition (strike out inapplicable terms) in the above-captioned master at (insert address). PLEASE CHECK ONE OF THE FOLLOWING:

IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. ☐ I am not in the military service.

2. ☐ I am in the military service, and my rank, serial number and branch of service are as follows:

RECEIVED MAY 0 8 2007 By ___

Rank ............................................................................

Serial number ..............................................................

Branch of service .......................................................

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: ................................................

(Date this Acknowledgment is executed)

I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print name

_____
Name of Defendant for which acting

_____
Position with Defendant for which acting (i.e., officer, attorney, etc.)

**PLEASE COMPLETE ALL BLANKS INCLUDING DATES**