**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068-3701
(973) 535-1600
Attorneys for Defendant,
RCI, LLC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVIS GAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>THE CROWN PARADISE HOTELS, THE CROWN PARADISE CLUB, MARINA DE ORO, RESORTS CONDOMINIUMS INTERNATIONAL, LLC., FN REALTY SERVICES, INC.<br><br>Defendants. | Civil Action No.: 1:07-cv-04841-BSJ<br><br>**ANSWER OF RCI, LLC TO PLAINTIFF'S COMPLAINT** |

Defendant, RCI, LLC ("RCI"), improperly plead in plaintiff's complaint by its former name, Resorts Condominiums International, LLC., by its attorneys, Greenbaum, Rowe, Smith & Davis LLP, answers the Complaint of plaintiff Travis Gambers, and by like-numbered paragraphs states:

1. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint. Upon information and belief, Defendant Crown Paradise Hotel is a foreign corporation with its principal office located in Puerto Vallerta, Mexico.

917053.01

3. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's Complaint. Upon information and belief, Defendant Crown Paradise Hotel is a foreign corporation with its principal office located in Puerto Vallerta, Mexico.

4. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's Complaint. Upon information and belief, Defendant Crown Paradise Club is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

5. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Complaint. Upon information and belief, Defendant Crown Paradise Club is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

6. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's Complaint. Upon information and belief, Defendant Marina De Oro is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

7. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint. Upon information and belief, Defendant Marina De Oro is a foreign corporation with its principal office located in Puerto Vallarta, Mexico.

8. Admitted.

9. RCI admits that it is a Delaware limited liability corporation. RCI denies all remaining allegations set forth in paragraph 9 of plaintiff's Complaint.

917053.01

-3-

10. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Complaint.

11. RCI states it advertises and promotes its services and that such advertising and marketing may reach New York residents. RCI further states that it has contractual relationships with affiliated resorts in New York. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Complaint.

12. RCI denies any allegations in paragraph 12 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 12 of plaintiff's Complaint.

13. RCI admits that it operates an exchange service for timeshare owners. RCI denies any further allegations in paragraph 13 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 13 of plaintiff's Complaint.

14. RCI denies any allegations in paragraph 14 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 14 of plaintiff's Complaint.

15. RCI admits that it operates an exchange service for timeshare owners. RCI denies any further allegations in paragraph 15 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 15 of plaintiff's Complaint.

917053.01

16. RCI denies any allegations in paragraph 16 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 16 of plaintiff's Complaint.

17. RCI denies any allegations in paragraph 17 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 17 of plaintiff's Complaint.

18. RCI denies any allegations in paragraph 18 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 18 of plaintiff's Complaint.

19. RCI denies any allegations in paragraph 19 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 19 of plaintiff's Complaint.

20. RCI denies any allegations in paragraph 20 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 20 of plaintiff's Complaint.

21. RCI denies any allegations in paragraph 21 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 21 of plaintiff's Complaint.

22. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's Complaint.

23. RCI denies any allegations in paragraph 23 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 23 of plaintiff's Complaint.

917053.01

24. RCI denies any allegations in paragraph 24 of plaintiff's Complaint that may pertain to it. RCI is without knowledge or information sufficient to permit it to form a belief as to the truth of all remaining allegations contained in paragraph 24 of plaintiff's Complaint.

**WHEREFORE**, RCI, LLC, demands judgment of no cause of action against plaintiff's together with costs, disbursements and attorneys' fees in the full amount provided by law.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against RCI.

### SECOND SEPARATE DEFENSE

The incident of which plaintiff complains and all alleged damages, if any, were caused by the actions, inactions, or negligence of persons over whom RCI exercised no control and for whose actions RCI was, and is, in no way liable.

### THIRD SEPARATE DEFENSE

RCI did not and does not own, operate, control, maintain, manage, supervise, lease or occupy the hotel facility at issue in this matter, or the property on which it is located.

### FOURTH SEPARATE DEFENSE

The damages claimed, if any, are limited by the applicable laws with respect to comparative negligence and contribution among tortfeasors.

### FIFTH SEPARATE DEFENSE

The claims against RCI are barred because the injury of which plaintiff complains was caused by superceding and intervening acts and conduct of others.

## SIXTH SEPARATE DEFENSE

Plaintiff was guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

## SEVENTH SEPARATE DEFENSE

Plaintiff knowingly and voluntarily assumed the risk of the activity in question.

## EIGHTH SEPARATE DEFENSE

RCI denies that any action or inaction on its part proximately caused the incident or damage of which plaintiff complains.

## NINTH SEPARATE DEFENSE

The claims against RCI are barred by the Doctrine of Laches.

## TENTH SEPARATE DEFENSE

The claims against RCI are barred by the Doctrine of Estoppel.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's Complaint and each cause of action therein are barred under and by virtue of the applicable statute of limitations.

## TWELFTH SEPARATE DEFENSE

RCI asserts that if it is adjudged, decreed or otherwise determined to be liable to plaintiff, then RCI would be entitled to apportion the degree of its fault or responsibility with and between the degree of fault or responsibility attributable to the plaintiff's and/or any other defendants named herein or yet to be named. The amount of damages attributable to RCI, if any, is to be abated, reduced or eliminated to the extent that the plaintiff's own fault, or the fault of any other defendants contributed to the plaintiff's damages.

917053.01

-7-

### THIRTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate damages, if there were any.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred under the doctrines of improper venue and forum non-conveniens.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by reason of the fact that the accident, injuries and condition of which complaint is made were not reasonably foreseeable by RCI.

### SIXTEENTH SEPARATE DEFENSE

Any injury, damage or loss sustained was the result of an unavoidable accident.

### SEVENTEENTH SEPARATE DEFENSE

Any injury, damage or loss sustained was the result of the sole negligence of the plaintiff.

### EIGHTEENTH SEPARATE DEFENSE

This action is barred due to plaintiff's failure and/or inability to join indispensable parties.

### NINETEENTH SEPARATE DEFENSE

RCI cannot fully anticipate all affirmative defenses that may be applicable to RCI's action based upon the conclusory terms used in the complaint. Accordingly, RCI expressly reserves the right to assert additional defenses if, and to the extent that, such additional defenses become applicable.

917053 01

-8-

## ANSWER TO ALL CROSS-CLAIMS

RCI denies the allegations of any cross-claims which have been or may be asserted against it.

                **GREENBAUM, ROWE, SMITH & DAVIS LLP**
                Attorneys for Defendant,
                RCI, LLC

                By: _____
                      C. BRIAN KORNBREK – CK0987

917053.01